NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 12 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | Nos.  17-50315, 17-50316 |
| Plaintiff-Appellee, | D.C. Nos. 12CR0623-LAB, 17CR1213LAB |
| v. | |
| DIANGELO JOHNSON AKA DiAngelo Keith Johnson, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
The Honorable Larry Alan Burns, Presiding

Submitted February 7, 2019**
Pasadena, California

Before:  WARDLAW and BEA, Circuit Judges, and MURPHY,*** District Judge.

After a jury trial on May 23, 2017, DiAngelo Johnson was convicted of being

a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g). He was also

---

\*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Stephen J. Murphy, III, United States District Judge for the Eastern District of Michigan, sitting by designation.

1

charged with violating the terms of his supervised release. The district court sentenced him to 90 months' imprisonment on the felon in possession charge, and 12 months' imprisonment for violating the terms of his supervised release. Johnson timely appealed. Fed. R. App. P. 4(b)(1). Jurisdiction is proper under 28 U.S.C. § 1291.

## I.

We review the district court's decision not to recuse itself for abuse of discretion. *See United States v. Silver*, 245 F.3d 1075, 1078 (9th Cir. 2001). In 2012, when sentencing Johnson for a prior felon in possession conviction, the district court explained the conditions of supervised release, noted that Johnson could not possess guns or ammunition, and warned: "If you come back here with another gun, it'll be Katy bar the door. I am going to put you away for a long time. Don't do that." At the recusal hearing in this case, the district court explained that his 2012 comments were meant to underline the consequences of violating the conditions of supervised release. Because those comments "did not reveal such a high degree of favoritism or antagonism as to make fair judgment impossible," they did not require the district court to recuse himself at his later trial, and the district court's failure to do so was not an abuse of discretion. *United States v. Wilkerson*, 208 F.3d 794, 797–98 (9th Cir.2000).

II.

We review de novo the district court's ruling on a motion to suppress; we review the district court's underlying factual findings for clear error. *See United States v. Turvin*, 517 F.3d 1097, 1099 (9th Cir. 2008). Police seized the firearm at issue in this case during a traffic stop that police conducted after noticing Johnson's vehicle had a suspended registration. According to body-camera footage of the traffic stop, police ran Johnson's name through their system and discovered that there was an active warrant for his arrest within minutes of pulling him over. Police then asked Johnson to step out of the vehicle, and discovered a firearm in his jacket during a search incident to his arrest on the outstanding warrant.

The traffic stop based on the vehicle's suspended registration was reasonable under the Fourth Amendment, *Whren v. United States*, 517 U.S. 806, 819 (1996), and the outstanding warrant check was an ordinary inquiry incident to that stop. *Rodriguez v. United States*, 135 S. Ct. 1609, 1616 (2015); *United States v. Garcia*, 205 F.3d 1182, 1187 (9th Cir. 2000). Further, the warrant check did not measurably extend the stop. *See Rodriguez*, 135 S. Ct. at 1614. After discovering the outstanding arrest warrant, officers properly searched Johnson and discovered the firearm. The district court therefore properly denied Johnson's motion to suppress.

## III.

Finally, we review the district court's decision to limit the scope of cross examination for abuse of discretion. *United States v. Lo*, 231 F.3d 471, 482 (9th Cir. 2000). At trial the government offered a firearms expert who testified on the issue of whether the firearm in question had previously traveled in interstate commerce. He testified that the firearm was a "Ruger" brand weapon, and that Ruger has never had any manufacturing facilities in California—which he determined by consulting a "reference collection" of books on firearms manufacturers. He concluded that the firearm at issue must have traveled across state lines before arriving in California. On cross-examination, defense counsel confirmed that one of the sources the expert used to determine Ruger's manufacturing locations was a book called "Ruger and His Guns, a History of the Man, the Company, and Their Firearms," written by RL Wilson. Defense counsel then attempted to introduce evidence that the author of that book had been convicted of wire fraud in 2005. The district court sustained objections to this line of questioning based on relevance and Federal Rule of Evidence 403. The expert clarified that the part of "Ruger and His Guns" that he relied on was a serialization table located in the back of the book showing when Ruger manufactured certain firearms, which was compiled by Ruger, not the book's author. Given how little bearing the questions had on whether the expert correctly identified the firearm as

4

a Ruger, whether Ruger had any manufacturing facilities in California, or whether the firearm had travelled in interstate commerce, *see* Fed. R. Evid. 401—and given the outsized potential for prejudice, confusion, and waste of time, *see* Fed. R. Evid. 403—the district court did not abuse its discretion in sustaining objections to the questions about the criminal history of the author of one of the books in the expert's reference collection.

**AFFIRMED.**